**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**MATTHEW LUXTON,**
**KRISTI FASNACHT,**
**and JENNIFER NEMITZ,**

**Civil No. 00-2246 (DSD/SRN)**

**Plaintiffs,**

**v.**

**STATE FARM LIFE**
**INSURANCE CO.**

**O R D E R**

**Defendant and**
**Third-Party Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Third-Party Defendant.**

---

Mary Cullen Yeager, Esq., on behalf of Plaintiffs Matthew Luxton, Kristi Fasnacht and Jennifer Nemitz.

Leatha Grein Wolter, Esq., on behalf of Defendant and Third-Party Plaintiff State Farm Insurance Co.

Carl J. Tierney, Esq., United States Department of Justice, Tax Division, on behalf of Third-Party Defendant United States of America.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the

FILED APR 0 4 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

undersigned Magistrate Judge of District Court on March 5, 2001, on a Motion by Third-Party Defendant United States of America to Strike Jury Demand.

By way of background, the Plaintiffs commenced this breach of contract action against Defendant State Farm Life Insurance Company case in Hennepin County District Court on September 26, 2000. The Plaintiffs are the named beneficiaries of life insurance policies held by their deceased mother, Mrs. Beverly Luxton (the Policies). The IRS has made a claim on the proceeds of Mrs. Luxton's life insurance policies based on Mrs. Luxton's assignment of these proceeds to the IRS. The Plaintiffs allege that State Farm breached contracts of insurance by failing to pay them the proceeds of the Policies as required by Minnesota law and the plain language of the Policies. Plaintiffs sought injunctive relief, in the form of a temporary restraining order, preventing State Farm from disbursing the life insurance policy proceeds to the Internal Revenue Service (IRS). The Hennepin County Court granted the requested relief and entered a temporary restraining order on September 26, 2000.

On October 6, 2000, State Farm removed the case to this Court, and served a third-party complaint against the IRS, asserting interpleader. On December 7, 2000, the IRS filed an "Answer to Third-Party Complaint for Interpleader and Claim, " (Doc. No. 9), asserting affirmative claims against the funds to be interpleaded, including twelve paragraphs of allegations relating to

Mrs. Beverly Luxton and the interests of the Plaintiff in the proceeds of the Policies. By stipulation of the parties, the United States of America has since been substituted for the IRS as the third-party defendant in this matter. See Doc. No. 13.

Counsel for the parties appeared in this Court on December 18, 2000, for a pretrial scheduling conference and, when the issue of Plaintiffs' entitlement to a jury trial arose during the conference, the Plaintiffs represent that the Court directed Plaintiffs to file their jury demand by December 22, 2000. The Plaintiffs complied with this directive, incorporating the jury demand into the Reply to Claim of Third-party Defendant. See Doc. No. 12.

Third-party Defendant United States moves to strike the Plaintiffs' jury demand in this matter based first on the assertion that the Plaintiffs waived their right to demand a jury trial because they failed to timely demand a jury trial under Fed. R. Civ. P. 7.

The Plaintiffs submit that under Fed. R. Civ. P. 81(c) they were not required to make a jury demand following removal of this case from state court until directed to do so by this Court. The Plaintiffs state that in the December 18, 2000 pre-trial scheduling conference they were instructed by the Court to file their jury trail demand by December 22, 2000. They did so, and thus argue that their demand was not untimely.

The Court agrees and finds that no waiver occurred here. The

United States' argument fails in this respect.

The United States next argues, in support of its motion to strike the Plaintiffs' jury demand, that there is no right to a jury trial in actions of equity such as this interpleader action in which the Court has been asked to determine which party, State Farm or the United States, is entitled to the proceeds of Betty Luxton's life insurance policies. The United States points out that the Seventh Amendment preserved the right to a trial by jury that existed at common law upon the ratification of the Bill of Rights in 1791. If there was no right to a jury at common law in1791, then there is no constitutional right to a jury trial. Under common law, an interpleader was an action in equity and was determined by the court, with no right to a jury trial. See generally, Liberty Oil Co. v. Condon Nat. Bank, 260 U.S. 235, 243 (1922). Hence, the United States submits the Seventh Amendment provides no basis for the Plaintiffs' jury demand in the present case.

The United States acknowledges that with the merger of the courts of law and equity, an action in interpleader no longer automatically removes any right to a trial by jury when there is a merger of legal and equitable issues in the action. The United States submits that if the interpleader action involves issues at law, a right to a jury exists for those issues. See Ross v. Bernhard, 396 U.S. 531, 538 (1970)(right to jury depends on the nature of the issue to be tried rather than the character of the overall action). However, the

United States points out that this interpleader action seeks only a determination as to which party is entitled to the proceeds of the three insurance policies on the life of Beverly Luxton: 1) the Plaintiffs (as the named beneficiaries of the policies); or 2) the IRS (as the assignee of the policies). The United States submits that the Plaintiffs make no legal claims against the United States, but assert only that they are entitled to the life insurance proceeds because the assignment of the policies to the IRS was invalid.

The United States asserts that an interpleader involving such matters is an action in equity, with no right to a trial by jury. See Mobley v. Metropolitan Life Ins. Co., 907 F.Supp. 495, 499 (D. D.C. 1995); Bynum v. Prudential Life Ins. Co., 7 F.R.D. 585, 587 (D. S.C. 1947)("The only issue is, which of the several parties is entitled to receive the proceeds of the insurance policies. The suit therefore, is essentially of an equitable character and the right of trial by jury does not exist under the Constitution or the statutes of the United States.")(citations omitted); McDermott v. Travelers Ins. Co., 59 F.Supp. 269 (D. W.D.Pa. 1945).

The Plaintiffs assert that the United States' position that there is no right to a jury trial in interpleader actions ignores the procedural history of this case, i.e., commenced as a breach of contract action in state court against State Farm which subsequently removed the case to federal court, asserted interpleader, and joined the IRS as third-party defendant. The Plaintiffs

contend it is well-settled that where a party is entitled to a jury in its underlying claims, the fact that interpleader is asserted does not deprive the party of that right. See Ross v. Bernhard, 396 U.S. 531, 542 (1970); Odum v. Penn Mut. Life Ins. Co., 288 F.2d 744, 748 (5th Cir. 1961)(defendant who has a claim at law against plaintiff is entitled to jury trial, and claim may not be disposed of by court in preliminary interpleader proceeding); Jefferson Standard Ins. Co. v. Craven, 365 F.Supp. 861 (M.D. Pa. 1973)(widow entitled to jury trial in interpleader action by insurance company to determine right to life insurance proceeds).

The Plaintiffs here contend there can be little doubt that they are entitled, as a matter of right, to a jury trial on their breach of contract claim, and the fact that State Farm sought the procedural protections of interpleader does not deprive Plaintiffs of their jury rights on their breach of contract claim. The Plaintiffs do not dispute that the "first stage" of an interpleader – determining whether interpleader is appropriate -- is a question for the Court. See 7 Wright et al., Federal Practice & Procedure, § 1714 at 581-584 (interpleader actions generally proceed in two stages: during the first, the Court determines whether interpleader is appropriate and discharges the stake holder; in the second, the rights of the claimants are adjudicated). In this regard, the Plaintiffs submit that the parties are currently working on the terms of a proposed Stipulation for submission to the Court which would allow

State Farm to deposit the Policies' proceeds into Court, limit State Farm's exposure in the case to the amount of the deposited funds, and discharge State Farm from further financial liability. The Plaintiffs represent that the Stipulation will preserve the Plaintiffs' right to present their substantive legal claims against State Farm for breach of the insurance contract. These claims will be litigated by the Plaintiffs in the "second stage" of the interpleader when the merits of Plaintiffs' claims to the proceeds are determined, claims which the Plaintiffs assert should be presented to a jury.

The Court notes that while the Plaintiffs' position may be persuasive under other circumstances, not one of the cases cited by the Plaintiffs pertains to matters involving the United States of America.

In this vein the United States argues that, even if there was any right to a trial by jury for such an interpleader action, this action is distinguished by the fact that the United States is involved as a third-party defendant. Accordingly, the Plaintiffs are required to demonstrate a waiver of sovereign immunity permitting a jury trial. As the United States points out, the United States, as a sovereign, is immune from suit except where Congress, by statute, has waived the immunity. See United States v. Dalm, 494 U.S. 596, 608 (1990). Further, the United States asserts that the limitations and conditions imposed by Congress in any statutory consent to suit must be strictly observed, with no exceptions implied. See United States v. Nordic

Village, Inc., 503 U.S. 30, 33-35 (1992); Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981). The United States contends that the right to a jury trial in this case can only be found where the right is "one of 'the terms of the Government's consent to be sued'". Lehman v. Nakshian, 453 U.S. at 160, citing United States v. Testan, 424 U.S. 392, 399 (1976). It has long been settled, contends the United States, "that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." Id. (citing cases); see Funk v. Commissioner of Internal Revenue, 687 F.2d 264, 266 (8th Cir. 1982)(no constitutional right to a jury trial in suit against United States because there was no right of action at common law against the sovereign, "enforceable by a jury or otherwise").

As such, the United States argues that absent a constitutional basis, any right to a jury trial in suit against the United States must be found in statute, where Congress has specifically consented to allow a jury trial. "When Congress has waived the sovereign immunity of the United States, it has almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial." Lehman v. Nakshian, 453 U.S. at 161; See id. at n.8 (specific discussion of the "narrow exception" for jury trials in 28 U.S.C. § 1346(a)(1) for tax refund suits - a legislative innovation that Congress describes as a "wholly new precedent."). As the Supreme Court instructed in Lehman, "[t]he appropriate inquiry, therefore, is whether Congress clearly and

unequivocally departed from its usual practice in this area, and granted a right to trial by jury. . . ." Lehman v. Nakshian, 453 U.S. at 162.

The United States points out that this is an action brought under the federal interpleader statutes in 28 U.S.C. §§ 1335 and 2361. These statutes contain no direct language regarding the United States but, as the United States submits, Section 2361 provides that in any civil action of interpleader, or in the nature of interpleader under Section 1335, a "district court shall hear and determine the case . . ." The United States avers that such language supports its position that there is no right to a jury trial in an interpleader action.

The waiver of sovereign immunity allowing the United States to be named as a third-party defendant in this action is set forth in 28 U.S.C. § 2410(a)(5). And, as the United States points out, this waiver "must be strictly and narrowly observed, and construed 'in favor of the sovereign.'" Gonsalves v. IRS, 975 F.2d 13, 15 (1st Cir. 1992) citing McMahon v. United States, 342 U.S. 25, 27 (1951). The statutory language of 28 U.S.C. § 2410 does not, however, create any right to a jury trial in an interpleader action involving the United States. Accordingly, the United States argues that the Plaintiffs' jury demand must be denied because there has been no waiver of sovereign immunity to allow a jury trial in this interpleader action.

The Court agrees. There is no right to a jury trial in actions

involving the United States unless there has been a specific waiver allowing a jury trial, and that has simply not been provided in this case. The United States' motion to strike the jury demand in this matter is granted.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) That the Motion by Third-Party Defendant United States of America to Strike Jury Demand (Doc. No. 14) is **GRANTED**.

Dated: April 3, 2001.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge