UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2246(DSD/SRN)

Matthew Luxton, Kristi Fasnacht and Jennifer Nemitz,

Plaintiffs,

v.

**ORDER**

State Farm Life Insurance Company,

Defendant and Third-Party Plaintiff,

v.

United States of America,

Third-Party Defendant.

Mary Cullen Yeager, Esq., Deborah J. Mackay, Esq. and Faegre & Benson, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402-3901, counsel for plaintiffs.

Leatha G. Wolter, Esq. and Meagher & Geer, 4200 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402 and Shawn A. Harris, Esq. and Rider, Bennett, Egan & Arundel, 2000 Metro Center, 333 South Seventh Street, Minneapolis, MN 55402, counsel for State Farm Life Insurance Company.

Robert Small, Acting United States Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415 and Carl J. Tierney, Esq., U.S. Department of Justice, Tax Division, P.O. Box 7238, Ben Franklin Station, Washington, D.C. 20004, counsel for United States of America.

FILED 9-10-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

This matter is before the court on the plaintiffs' and defendant's cross motions for summary judgment. For the following reasons, the court denies both motions.

The key question before the court is which party is legally entitled to the proceeds of Beverly Luxton's life insurance policies ("the policies"). Plaintiffs, the named beneficiaries of the policies, argue that they are entitled to summary judgment because Minn. Stat. § 61A.12, the policies' terms and the undisputed facts require that they receive the proceeds. Conversely, defendant, the United States of America, argues that it is entitled to summary judgment because Luxton validly assigned the right to the proceeds of her policies to the IRS as payment for Luxton's federal tax liabilities.

Summary judgment is not appropriate where the terms of a contract are ambiguous. See Donnay v. Boulware, 275 Minn. 37, 144 N.W.2d 711 (1966). The court determines whether a contract is ambiguous as a matter of law. Employers Liab. Assur. Corp. v. Morse, 261 Minn. 259, 111 N.W.2d 620 (1961); United States v. Northern Pac. Ry., 188 F.2d 277 (8th Cir. 1951). To make such a determination, the court must evaluate the contract's words, phrases, and sentences in accordance with the agreement's apparent purpose. Metro Office Parks Co. v. Control Data Corp., 295 Minn. 348, 205 N.W.2d 121 (1973). The words, phrases, and sentences cannot be read in isolation. Id. Even though a particular

provision may appear clear when read alone, it may be ambiguous when read with the other terms of a contract. See Fitger Brewing Co. v. American Bonding Co., 127 Minn. 330, 149 N.W. 539 (1914). If the court concludes that an ambiguity exists, it should allow the parties a full opportunity to present evidence of the facts, circumstances and conditions surrounding a contract's execution and the relevant conduct of the parties. Boulware, 144 N.W.2d 711 (1966).

After carefully reviewing the record, the court concludes that the terms of the life insurance policies, when read together with the assignments, are ambiguous. In particular, they simultaneously purport to assign the right to the proceeds to the IRS and yet appear to maintain the provisions that grant the same right to the beneficiaries.[1] Furthermore, in spite of Luxton's assignments, she also appears to have retained the right to change beneficiaries.[2] It is undisputed that after Luxton executed the assignments, she exercised this right and changed the beneficiaries of two of her

---

[1] The court notes that the policies' "Order of Payment" section expressly provides that "payment will be made in equal shares to the primary beneficiary" when the insured dies. (See Aff. of Deborah J. Mackay, Ex. A.) The assignments, however, indicate that the IRS has the "sole right to collect from the insurer the net proceeds of the Policy when it becomes a claim by death or maturity," while also maintaining that the assignments are "subject to all the terms and conditions of the Policy." (See id., Exs. F-H.)

[2] The assignments allow the policyholder "the right to designate and change beneficiaries." (See Aff. of Deborah J. Mackay, Ex. F-H.)

policies. (See Aff. of Deborah J. Mackay, Ex. M.) It is also undisputed that Luxton never exercised this right to make the IRS a beneficiary.

While the court recognizes that an assignment of a life insurance policy may be legally valid under Minnesota law, at this stage, the court cannot definitively hold that the documents here, when read together, denote valid and enforceable assignments of the proceeds of Luxton's life insurance policies. See Redden v. Prudential Life Ins. Co., 193 Minn. 228, 258 N.W. 300 (1935). Based upon this ambiguity, summary judgement is inappropriate. See Celotrex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Boulware, 144 N.W.2d 711 (1966).

Accordingly, **IT IS HEREBY ORDERED** that both cross motions for summary judgment are denied.

Dated: September 10, 2001

David S. Doty, Judge
United States District Court

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500