**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**MATTHEW LUXTON,**
**KRISTI FASNACHT,**
**and JENNIFER NEMITZ,**

**Civil No. 00-2246 (DSD/SRN)**

**Plaintiffs,**

**v.**

**STATE FARM LIFE INSURANCE CO.**

**O R D E R**

**Defendant and Third-Party Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Third-Party Defendant.**

---

Deborah J. Mackay, Esq., on behalf of Plaintiffs Matthew Luxton, Kristi Fasnacht and Jennifer Nemitz.

Carl J. Tierney, Esq., United States Department of Justice, Tax Division, on behalf of Third-Party Defendant United States of America.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on June 14, and July 16, 2001,

FILED SEP 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

on motions of the parties. The Court ruled from the bench on all motions. Each motion is set forth below, with the rulings concisely summarized.

**A. Third-Party Defendant United States of America's Motion to Compel Plaintiffs to Respond to Discovery Requests**

Third-Party Defendant United States moved for an order compelling the Plaintiffs to respond to the following discovery requests:

- Request for Admission No. 4 and Interrogatory No. 1 of the United States' First Set of Combined Requests for Admission, Interrogatories and Request for Production of Documents Propounded to Plaintiff Matthew Luxton;

- Request for Admission No. 3 and Interrogatory No. 1 of the United States' First Set of Combined Requests for Admission, Interrogatories and Request for Production of Documents Propounded to Plaintiff Kristi Fasnacht; and

- Request for Admission No. 3 and Interrogatory No. 1 of the United States' First Set of Combined Requests for Admission, Interrogatories and Request for Production of Documents Propounded to Plaintiff Jennifer Nemitz.

See Government Exhibits 1, 2 and 3 to the Declaration of Carl J. Tierney.

The Plaintiffs did not oppose this motion, and instead responded to the United States' discovery requests on June 12, 2001. However, the United States was not completely satisfied with the Plaintiffs' responses.

In its bench ruling, the Court granted the United States' motion to compel in its entirety, and ordered the Plaintiffs to file a more complete answer to the outstanding requests for admissions.

**B. Plaintiffs' Motion to Compel and the Third-Party Defendant United States' Motion for Protective Order**

The Plaintiffs moved for an order compelling Third-Party Defendant United States of America to produce certain documents and to allow deposition testimony of certain witnesses relating to the tax assessments against Beverly Luxton, as opposed to the assignments at issue in this matter, including, but not limited to: the Certificate of Assessment (23C) and all supporting records; Notice and Demand; and Returns. The Plaintiffs sought to depose Roger Olson, Patrick Kelly and Lloyd Fritzvold who would be questioned about the underlying tax assessments against Mrs. Luxton, and about all facts, circumstances and documents relating thereto, in addition to the alleged assignments and collection activities with regard to Mrs. Luxton.

The United States filed a cross-motion seeking the issuance of a protective order, under Fed. R. Civ. P. 26(c)(4), to prohibit the Plaintiffs from making any inquiries into the facts or details related to the assessment of Beverly Luxton's federal employment and unemployment taxes.

In its ruling from the bench, the Court denied the Plaintiff's motion to compel because, while the Court recognizes that discovery should be permitted into any matters relevant to the action pled, the Plaintiffs have not asserted a legally cognizable claim to challenge the IRS' assessment. Such a claim would not be proper in an interpleader action. Thus, this discovery was not calculated to lead to the discovery of admissible evidence. Conversely, the

Court granted the United States' cross-motion for a protective order, with the express proviso that no details about assessment could be questioned during the depositions of Agents Olson, Kelly and Fritzvold.

**C. Plaintiffs' Motion for Sanctions**

The Plaintiff moved, pursuant to Fed. R. Civ. P. 37, for an order awarding sanctions against Third-Party Defendant United States. The Plaintiffs assert that the United States has repeatedly obstructed their efforts to obtain legitimate discovery in this case, and has engaged in sanctionable conduct by misrepresenting to the Court the IRS' efforts to locate documents by failing to look for documents as required under the Rules, and by misrepresenting to the Court the conduct of key IRS personnel with regard to collection efforts against Mrs. Luxton. Plaintiffs requested entry of an order:

1) requiring the IRS to search for and produce all files related to Mrs. Luxton's tax liabilities, whether styled as "assessment" files, "collateral" files, "collection" files, or "personal" files;

2) allowing Plaintiffs to depose Agent Patrick Kelly; and

3) sanctioning the IRS in the form of a finding of adverse inference as to the contents of the missing collection files, to wit: that the missing collection file contains evidence supporting Plaintiffs' claims that (a) the IRS exerted undue influence or engaged in overreaching in procuring the alleged assignments from Mrs. Luxton; and (b) the IRS failed to accord Mrs. Luxton

any consideration in return for the alleged assignments.

The United States opposed all aspects of this motion.

In its bench ruling, the Court granted in part, denied in part, and denied without prejudice in part the Plaintiffs' motion for sanctions. First, the Court ordered the United States to search again for Mrs. Luxton's collateral file, and any other potentially relevant files, review them, and produce to the Plaintiffs within thirty days of the July 16, 2001, hearing date (i.e., by August 16th), any information regarding assignment or collection. The Court also ordered that the Plaintiffs shall be permitted to take the depositions of Robert Lawler and Patrick Kelly, with inquiry limited to collection issues. The Plaintiffs were reminded that Mr. Lawler must be subpoenaed, and the Court ordered the Lawler and Kelly depositions to be completed within sixty days of the July 16 hearing, (i.e., by September 16, 2001). Next, the Court ordered that undue influence discovery would remain open for 60 days, with a September 17, 2001, discovery cut-off. Finally, the Court denied without prejudice the portion of the Plaintiffs' motion seeking a finding of adverse inference as to the contents of the missing collection file.

Based on the foregoing, and all the files, records and proceedings

herein,

**IT IS HEREBY ORDERED** that:

1) Third-Party Defendant United States of America's Motion to Compel Plaintiffs to Respond to Discovery Requests (Doc. No. 26) is **GRANTED**;

2) Plaintiffs' Motion to Compel (Doc. No. 29) is **DENIED**;

3) Third-Party Defendant United States of America's Motion for Protective Order (Doc. No. 33) is **GRANTED**; and

4) Plaintiffs' Motion for Sanctions (Doc. No. 43) is **GRANTED IN PART, DENIED IN PART, AND DENIED WITHOUT PREJUDICE IN PART**, as set forth fully in the body of this Order.

Dated: September 14, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

SEP 17 2001

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500