**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Matthew Luxton, Et. Al.,**

**Plaintiff,**

**v.**

**State Farm Life Insurance,**

**Defendant,**

**v.**

**United States of America,**

**Third-Party Defendant.**

**Civil No. 00-2246 (DSD/SRN)**

**ORDER**

---

Deborah Jane Mackay, Esq., on behalf of Plaintiffs.

Jeffrey S. Swyers, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on October 11, 2001, on Third-Party Defendant United States of America's Motion for Leave to Depose Plaintiffs and to Extend Discovery Schedule.

This Order addresses the above motion.

## I. THIRD-PARTY DEFENDANT'S MOTION TO DEPOSE PLAINTIFFS AND TO EXTEND DISCOVERY SCHEDULE

### A. Factual Background.

On September 26, 2000, Plaintiffs commenced this matter as a breach of contract action against Defendant State Farm Life Insurance Company (State Farm), for alleged failure to pay them, as beneficiaries, the proceeds of three life insurance policies on the life of the late Beverly

FILED OCT 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Luxton. On October 6, 2000, State Farm filed a Third-Party Complaint in Interpleader against the United States as a third-party defendant due to the Internal Revenue Service's interest in the proceeds of Beverly Luxton's life insurance policies. The December 18, 2000 Pretrial Scheduling Order provided June 1, 2001 as the deadline for completion of discovery. In Plaintiffs' May 30, 2001 Motion to Compel, they mentioned for the first time the possible affirmative defense of undue influence. This affirmative defense also appeared in Plaintiffs' July 9, 2001 Motion for Summary Judgment. On July 16, 2001, the Court granted the parties an additional 60 days to conduct discovery into Plaintiffs' claim of undue influence. Although this 60-day extension has expired, the United States requests that the Court allow it to depose Plaintiffs a second time concerning the issue of undue influence.

**A. Motion to Depose Plaintiffs Concerning Undue Influence.**

The Federal Rules of Civil Procedure make the following provisions concerning taking multiple depositions of the same individuals:

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison, or if, without the written stipulation of the parties.
>
> (B) the person to be examined already has been deposed in the case;

Fed. R. Civ. P. 30(a)(2).

Rule 26(b)(2) sets forth the following principles for discovery:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less

> expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

The United States maintains that it has diligently pursued its case, but has had an inadequate opportunity to discover relevant information concerning the issue of undue influence. The United States contends that it received no formal notice of Plaintiffs' undue influence claim until May 30, 2001, when Plaintiffs briefly mentioned the issue in their Motion to Compel Discovery. The United States further notes that Plaintiffs never officially pleaded this claim. Because the deadline for amending the pleadings had already expired on June 16, 2001, when the United States deposed Plaintiff, it argues that at that time it had no reason to believe an undue influence claim would be brought. Consequently, the United States explains that it had no reason to inquire into the issue of undue influence while taking Plaintiffs' first depositions.

The United States further maintains that since July 17, 2001, when the Court reopened discovery regarding the undue influence claim, it has diligently pursued this issue. The United States explains that it initially attempted to locate Beverly Luxton's physician and treating facility, and then subpoenaed her medical records. Only subsequently, the United States explains, did it learn that Plaintiffs do not intend to supply expert medical testimony, but rather intend to prove their case entirely through their own testimony. As a result, the United States argues it will be necessary to redepose Plaintiffs concerning the undue influence issue. It also emphasizes that as soon as it became aware of the basis for Plaintiffs' claims, it immediately made its request to redepose Plaintiffs. Moreover, the United States notes that it made its request

to the Court to redepose Plaintiffs prior to the September 17, 2001 deadline for the extended discovery period. Hence, the United States concludes that it brought this motion in as timely a fashion as was possible.

Plaintiffs contend that the United States can not demonstrate a necessary "good reason" to justify deposing them a second time. Moreover, Plaintiffs state that the United States can also not justify taking these depositions after the expiration of the Court's extended discovery period. Plaintiffs state that they addressed the undue influence issue in their Motion to Compel and their Motion for Summary Judgment. They emphasize that both these motions were served on the United States before it deposed Plaintiffs for the first time. Plaintiffs contend that these papers put the United States on notice of the undue influence claim, and that the United States still neglected to conduct questioning on the issue. Plaintiffs concede that the United States may not have been aware at that time that they intended to make their undue influence case entirely through their own testimony. Nevertheless, Plaintiffs state that it was the United States' responsibility to consider such possibilities before conducting the depositions. They further emphasize that their mother's illness and death are exceedingly difficult topics, and that it would be wrong now to force them to reexamine those subjects through a second set of depositions.

The Court grants the United States' Motion. Undue influence was not one of the main claims asserted in the Complaint, and consequently remained an unclear issue for a significant amount of the discovery period. Further, the basis for this claim remains a somewhat confusing issue. The Court notes that when, as here, claims of undue influence are based largely on the effects of disease or treatment, such claims usually require expert testimony. Hence, the government reasonably assumed that the case would be made through medical evidence, and

accordingly focused its discovery efforts on Beverly Luxton's medical records, physicians, and treating facilities, rather than attempting to depose Plaintiffs, who are lay witnesses. In addition, the Court is reluctant to allow a situation which could produce surprise testimony at trial. The United States has represented to the Court that it will be able to take all three additional depositions within one seven-hour day, and will be able to do so in Minneapolis, thus avoiding the need for Plaintiffs to travel extensively. Consequently, the Court grants the United States' motion.

**B. Motion To Amend The Pretrial Scheduling Order.**

The Court grants Third-Party Defendant's motion to amend the pretrial scheduling order. Plaintiffs have satisfied D.Minn. L.R. 16.3(b) by detailing what discovery remains to be completed, what discovery has been completed, why all discovery has not been completed, and how long it will take to complete discovery. Third-Party Defendant, therefore, has one seven-hour day in which to depose all three Plaintiffs in Minneapolis, solely on the topic of undue influence. These depositions will be conducted within two weeks in order to provide sufficient time for both parties to prepare for the November 27, 2001 trial date for this matter.

**THEREFORE, IT IS HEREBY ORDERED that:**

Third-Party Defendant The United States of America's Motion for Leave to Depose Plaintiffs and to Extend Discovery Schedule is **GRANTED** as set forth in this Order.

Dated: October 16, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge