UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2246(DSD/SRN)

Matthew Luxton, Kristi Fasnacht and Jennifer Nemitz,

Plaintiffs,

v.

**ORDER**

State Farm Life Insurance Company,

Defendant and Third-Party Plaintiff,

v.

United States of America,

Third-Party Defendant.

Mary Cullen Yeager, Esq., Deborah J. Mackay, Esq. and Faegre & Benson, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402-3901, counsel for plaintiffs.

Leatha G. Wolter, Esq. and Meagher & Geer, 4200 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402 and Shawn A. Harris, Esq. and Rider, Bennett, Egan & Arundel, 2000 Metro Center, 333 South Seventh Street, Minneapolis, MN 55402, counsel for State Farm Life Insurance Company.

Thomas Heffelfinger, United States Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415 and Jeffrey Swyers, Esq., U.S. Department of Justice, Tax Division, P.O. Box 7238, Ben Franklin Station, Washington, D.C. 20004, counsel for United States of America.

FILED 4-2-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

This matter is before the court on plaintiffs' motion for amended findings of fact and conclusions of law, motion to alter or amend judgment and renewed motion for judgment as a matter of law ("JMOL") under Fed. R. Civ. P. 50(b), 52(b) and 59(e). Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies plaintiffs' motions.

**BACKGROUND**

Plaintiffs brought suit to determine who receives the proceeds of three insurance policies on the life of Beverly Luxton ("Mrs. Luxton"). This case was initially brought in state court against State Farm Life Insurance Company ("State Farm") by the named beneficiaries. State Farm removed the action to this court, interpleaded the United States *ex rel* the Internal Revenue Service ("IRS") and was dismissed after paying into court $320,347,71. After completion of discovery and pretrial proceedings, including cross-motions for summary judgment which were denied on September 10, 2001, this matter came for trial before the court on November 27, 2001. After two days of trial, testimony and argument, the receipt by the court of exhibits, post-trial briefs and proposals by the parties, the court issued Findings of Fact, Conclusions of Law and Order For Judgment, ("judgment order"), dated January 15, 2002. Plaintiffs now make a motion for amended findings of fact and conclusions of law, a motion to alter or amend judgment and a

renewed motion for judgment as a matter of law under Fed. R. Ci. P. 50(b), 52(b) and 59(e). The court denies those motions.

## I. Applicable Legal Standards

Fed. R. Civ. P. 52(b) provides in relevant part:

> **Amendment**
>
> On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings -- or make additional findings -- any may amend the judgment accordingly.

Rule 52(b) is intended to provide an opportunity to correct manifest errors of law or fact at trial. Clark v. Nix, 578 F. Supp. 1515, 1516 (D. Iowa 1984).

Fed. R. Civ. P. 50(b) provides in relevant part:

> **Renewing Motion for Judgment After Trial**
>
> ... The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment....

Fed. R. Civ. P. 59(e) provides in relevant part:

> **Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment.

## II. The "Informal Agreement"

Plaintiffs assert that the court did not make any findings of fact with regard to the "informal agreement" and contend that the court should enter a finding and conclusion of law that the IRS's claim to the proceeds is based on an unenforceable and unauthorized "informal agreement," prohibiting the IRS from retaining the

benefit of the assignments. While the plaintiffs are correct that the court did not address the "informal agreement" in its judgment order, the court did consider this matter in reaching judgment. In evaluating the "informal agreement," the court concluded that it was immaterial and irrelevant to the issue before the court – resolving the ambiguity in the policies and assignments. Moreover, the court determined that "informal agreement" did not constitute an offer in compromise and that the IRS's interest in the policies was not derived from an offer in compromise. The informal agreement therefore was not the basis for the court's findings of fact, conclusions of law and order for judgment.

**III. Tax Policy**

Citing United States v. Bess, 357 U.S. 51 (1958), plaintiffs claim that JMOL is required because the IRS's position is at odds with federal tax policy underlying I.R.C. § 6332(b) and I.R.C. § 7809(b). Plaintiffs' argument, however, is based on a misapplication of Bess. The Court in Bess did not address whether the IRS can accept a voluntary payment from a taxpayer where the taxpayer owes the money. Plaintiffs fail to show that, when a taxpayer owes the IRS money, the IRS cannot accept a voluntary payment from a taxpayer in excess of what the IRS could forcibly collect. Thus, plaintiffs are not entitled to JMOL.

**IV. The Proceeds of the Policy**

While plaintiffs continue to assert that the IRS should be limited to the cash surrender value of the life insurance policies, the court finds no support for this proposition. This argument was fully briefed prior to the court's ruling and the court correctly rejected it.

**V. Burden of Proof**

Finally, plaintiffs allege that the court failed to apply the appropriate burden of proof to the IRS and that the IRS failed to meet its burden of proof regarding its claim to the proceeds. This issue was also fully brief prior to the court's ruling and the court carefully considered it in reaching its judgment. As plaintiffs correctly suggest, "[a]nyone attacking the right of a named beneficiary to receive the proceeds of an insurance policy has the burden of proving that the beneficiary is not entitled thereto." American Casualty Co. v. Rose, 340 F.2d 469, 471 (10th Cir. 1964); Zolintakis v. Orfano, 119 F.2d 571, 575 (10th Cir. 1941)("one who denies the right of a named beneficiary to receive the proceeds of a policy has the burden of showing that the beneficiary is not entitled to the fund."); see also Follenfant v. Rogers, 359 F.2d 30, 31 (5th Cir. 1966)("one claiming the policy proceeds as against the beneficiary named in the certificate has the burden to show a valid Change of Beneficiary."); McCollum v. Sieben, 211 F.2d 708, 712 (8th Cir. 1954)(placing burden of proof

on plaintiff to establish that insured executed change of beneficiary in his lifetime); Munn v. Robison, 203 F.2d 778 (8th Cir. 1952)(placing burden on claimant to support his claim of an equitable assignment by substantial evidence). The IRS clearly satisfied this burden in establishing its right to the proceeds of the life insurance policies.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for amended findings of fact and conclusions of law [Docket No. 114] is denied;

2. Plaintiffs' motion to alter or amend judgment [Docket No. 114] is denied; and

3. Plaintiffs' motion for a renewed motion for judgment as a matter of law [Docket No. 114] is denied.

Dated: April 1, 2002

David S. Doty, Judge
United States District Court